## BETTY HALL v. STEPHEN WARRINGTON et al.

Supreme Court. November 23, 1796.

*Wilson's Red Book, 138.*[*]

---

[1] At this point the word "upon" appears in the manuscript.

[*] This case is also reported in *Bayard's Notebook, 164.*

*Wilson* and *Miller* for plaintiff. *Ridgely* and *Bayard* for defendants.

Plaintiff's counsel offered a copy of Alward's patent, all that was on the York book at Dover, duly certified; it was really not half the patent.

Objected—that it is merely an extract, it is not the whole and therefore not evidence.

Answer. By 2 Body Laws 162 extracts certified from that book are to be evidence, and 4 Volume Laws [2 Del.Laws 1166] removed only the book to another office.

BASSETT, C. J. A majority of the Court overrule the objection. (I think BASSETT *contra.)*

Plaintiff read the patent and title papers from 1751; proved possession for 35 years under this title; proved the trespass and the head line of the land etc., and admitted for the sake of a trial defendant's patent and title to cover the land trespassed on and which defendant enclosed at the time of trespass committed.

Defendant's counsel. That plaintiff's patent conveyed no title, there was no grantor, nor grantee, nor date. That Thomas Evans could not convey, after a sale by the former Sheriff Wright because no petition nor order (1 Body Laws 84, October 28, 1788). That the late Sheriff could not execute or sell, because the writ was not directed to him as such; and, if it had been, he might have made the deed. That plaintiff is not now possessed of the lands trespassed on and therefore could not maintain this action, 2 Esp.N.P., *Ward v. McCally.*

Plaintiff's counsel. It is not necessary under the practice of the courts that the title out of the Proprietary should be shown by an instrument which by the common law is strictly good as a conveyance: a certificate of survey, a warrant located, a letter from a Proprietary's commissioner, a grant which was without consideration, have been held a good inception of title. The Act [of] October 28, 1788, was not intended to enable a late sheriff to convey but enables the present sheriff to make the deed, with petition because the late sheriff, having by this Act power to sell, takes away a presumption that the money is not paid because the conveyance was not made at the time of payment of the money. That it is in no case necessary that the plaintiff in trespass should

have possession at the time of trial, but only at the time the trespass was committed, 5 Bac.Abr. 166 pl. 37, 39, 40, *ibid.* 167 pl. 60, 61.